Baldwin, J.
delivered the opinion of the Court.
The Court is of opinion that the land in the proceedings mentioned, conveyed by the deed of William Washington and Ann his wife, to William F. Abraham, as trustee, being the absolute fee simple estate of the feme, and there being no issue of the marriage, the condition of the property was such that the marital interest of the husband therein would have been determined by her death; and moreover, her disability of coverture would have prevented her from making any disposition of the subject during such coverture, amongst the objects of her bounty. The purpose, therefore, of the said deed, seems to have been to enable the female grantor to make provision for her husband in the event of his surviving her, out of the property, and to dispose of the rest of it in favour of her sisters and niece. The deed accordingly provides, 1st. That the feme might at any time during the joint lives of herself and husband require the trustee to make sale of the land, and pay over the proceeds to her, to be disposed of by her at her own will and pleasure. This would have enabled her to dispose of the proceeds amongst the objects of her bounty. But in the event of her death after such sale, and before such payment to her of the proceeds, the same would by operation of law have passed entirely to her surviving husband. And in order to meet that state of things, it was provided, 2dly. That in such event the proceeds should be paid to such persons as she should by last will and testament direct; and that if she should leave no will, then her surviving husband should be entitled to 2500 dollars out of such proceeds, and the residue thereof be divided amongst her sisters and *76 niece. But inasmuch as the female grantor might die without having directed a sale of the property, it was requisite to provide in that event for the disposition thereof. And accordingly, the deed declares, 3dly. That in such event, the land should be enjoyed by her surviving husband during his life, and that after his death it should be sold, and the proceeds divided amongst her sisters and niece. But in order to meet any exigency of the surviving husband for money instead of land, the deed provides, 4thly. That if he should at any time within three years from her death desire a sale of the property, the same should be sold by the trustee within six months after being so required, so as to raise 2500 dollars in cash, to be paid to the surviving husband in lieu of his life estate in the land; and giving if advisable, a credit for the residue of the proceeds, which should be paid over according to the last will and testament of the feme, or in the event of her intestacy, be divided amongst her sisters and niece. And there is a general provision that if the trustee in the deed should be prevented by death or other disability from executing the trusts thereof, another trustee should be appointed in his stead for that purpose. And inasmuch as the death of the husband in the lifetime of the feme would have obviated all necessity for any of the provisions of the deed, by placing the property completely within the dominion of the feme, it is further provided, that in such event the estate conveyed should become void, and the feme reseized of her estate in fee.
And the Court is further of opinion, that the husband having within three years from his wife’s death elected that the land should be sold by the trustee, and to take 2500 dollars of the proceeds, in lieu of his life estate, the effect of such election was an equitable conversion of the land into money, upon the principle of equity treating that as done which ought to have been done, *77 and preventing a trust from being defeated by accident or the want of a trustee; and the more especially as such election was in consequence of the trustee’s death, declared by a friendly suit between the surviving husband and the other cestuis que trust, and a sale of the land directed (without objection) to be made by a substituted trustee.
And the Court is further of opinion, that the said election of the husband ought not to be defeated by his death, there being nothing in the declaration of trust contained in the said deed to take the case out of the general principles aforesaid. On the contrary, it was made expressly the duty of the trustee to carry into effect such election of the husband, by a sale of the property, and unnecessary delay was guarded against by requiring him to do so within six months from the time of such election. There is no provision avoiding such election, in the event of the trustee’s being unwilling or unable to accomplish the sale in the lifetime of the husband; nor can any such intent of the grantors in the deed be inferred from another provision above mentioned, in the event of a sale directed by the feme in her lifetime, and her death before her collection of the proceeds, which was founded upon the reason peculiar to that state of things already suggested. Nor was there any obstacle to said election arising out of the circumstance that the husband before making the same had taken and assigned the obligation of a tenant of the property for a year’s rent thereafter to fall due; the only effect thereof being to subject his interest in the proceeds of sale to an equitable set off on that account, which was afterwards provided for by agreement of the adult parties to the said friendly suit.
The Court is therefore of opinion, that out of the proceeds of the sale of said land which has been made under the interlocutory decree of November 184.3, the appellant as executor of William Washington, deceased, *78 is entitled in preference to the claim of the appellees, to receive the sum of 2500 dollars with interest thereon from the 29th of August 1843, till paid, but subject to a credit for the rents and profits of said land from the of June 1843, till the 1st of January 1844, to be given as of the last mentioned date; and that the Circuit court erred in not recognizing and enforcing such preferable right of the appellant.
It is therefore decreed and ordered, that so much of the decree of the Circuit court first above mentioned, as conflicts with the foregoing opinion and decree of this Court, be reversed and annulled, and the residue thereof affirmed, with costs to the appellant. And that the cause be remanded to the Circuit court to be proceeded in according to the principles above declared.
Decree reversed'.